UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| | | | |
|---|---|---|---|
| Case No. | 5:25-cv-02887-SSS-DTBx | Date | June 15, 2026 |
| Title | *DB Insurance Company, Ltd. U.S. Branch v. Temecula Rancho Cielo LLC et al.* | | |

| | |
|---|---|
| Present: The Honorable | SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE |

| | |
|---|---|
| Irene Vazquez | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
| None Present | None Present |

**Proceedings: (IN CHAMBERS) ORDER GRANTING DEFENDANTS' MOTION TO STAY AND DENYING MOTION TO DISMISS [DKT. NO. 24]**

Before the Court is Defendants Temecula Rancho Cielo, LLC, Gloria Gaona, and Julio Gaona's Motion to Dismiss the first claim for rescission and to stay the remainder of the case. [Dkt. No. 24, "Motion"]. Plaintiff DB Insurance Co., Ltd. ("DBIC") filed an Opposition. [Dkt. No. 32, "Opp."]. Defendants filed a Reply. [Dkt. No. 33, "Repl."]. Having considered the parties' arguments, relevant legal authority, and record in this case, the Court **DENIES** the Motion to Dismiss but **GRANTS** the Motion to Stay.

## I. BACKGROUND

Plaintiff DBIC brings this diversity action against its insureds, Temecula Rancho Cielo, LLC ("TRC"), Gloria Gaona, and Julio Gaona, and against Ian Gibbins, seeking a declaration that it may rescind a difference-in-conditions policy issued for the residential property at 33392 Wolfe Street in Temecula (the "Policy"), or, in the alternative, that the Policy's business-pursuits exclusions relieve DBIC of any duty to defend or indemnify. [Dkt. No. 1, Complaint or "Compl." ¶¶ 25, 32]. DBIC alleges that TRC and Gloria Gaona represented in

their insurance application that no business operations subject to increased liability exposure were performed on the premises, and that this representation was false and material because a trapeze school operated there. [*Id.* ¶ 22].

The claims arise from an underlying personal-injury action, *Gibbins v. Rancho Trapeze Resort, LLC*, No. CVME2405570, pending in the Riverside County Superior Court ("State Action"). Gibbins alleges that he was injured on September 10, 2024, when he fell approximately ten feet from a trapeze while a patron on the premises, and he asserts claims for negligence and premises liability against the insureds and others. [*Id.* ¶¶ 16–17]. DBIC accepted the insureds' tender and is defending the State Action under a reservation of rights. [*Id.* ¶¶ 18–19].

## II. LEGAL STANDARD

For the Motion to Stay, a district court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co*., 299 U.S. 248, 259 (1936).

In deciding whether to enter a stay, the Court weighs three considerations: (1) the possible damage that may result from granting a stay; (2) the hardship or inequity a party may suffer in being required to go forward; and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law that a stay is expected to produce. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254–55). The party seeking a stay bears the burden of showing that a stay of proceedings is appropriate. *See Landis*, 299 U.S. at 255.

This is a diversity action, and the decision whether to stay is procedural. It is therefore governed by the federal *Landis* standard, not by the discretionary stay framework California courts apply under *Montrose Chemical Corp. v. Superior Court*, 6 Cal.4th 287 (1993). *See RLI Ins. Co. v. Cornerstone Land & Inv. Grp., Inc.*, No. 2:23-cv-02265-DAD-CSK, 2024 WL 4654263, at *4 (E.D. Cal. 2024). Federal courts sitting in diversity apply federal procedural law and state substantive law. *See Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 78 (1938).

## III. DISCUSSION

### A. Motion to Stay

All three *Landis* factors favor staying this action in its entirety. The Court discusses each factor in turn.

#### 1. Possibility that a stay will cause damage to Plaintiff

If there is even a fair possibility that a stay will work so as to cause damage to someone other than the movant, then a stay may be inappropriate, absent a showing of hardship or inequity to the movant. *Landis*, 299 U.S. at 255.

Here, the only concrete consequence Plaintiff DBIC identifies from a stay is that it must continue to defend the State Action, and continue to incur defense costs, while this case is paused. [Opp. at 18]. But furnishing a defense under a reservation of rights is part of an insurer's obligation and cost of doing business, and requiring DBIC to continue performing that obligation during a stay is not the sort of damage that weighs against a *Landis* stay. *See State Nat'l Ins. Co. v. US-SINO Inv., Inc.*, No. 5:13-cv-05240-EJD, 2015 WL 5590842, at *5 (N.D. Cal. 2015); *Zurich Am. Ins. Co. v. Omnicell, Inc.*, No. 18-cv-05345-LHK, 2019 WL 570760, at *5 (N.D. Cal. 2019). Should DBIC ultimately establish that it owes no defense or indemnity, it may seek reimbursement of its costs at that time. *See Omnicell*, 2019 WL 570760, at *5. This factor thus weighs in favor of a stay.

#### 2. Hardship or inequity if a stay is not imposed

In the case that there is a fair possibility that a stay will cause damage to the party opposing the stay, Courts analyze the competing interest of hardship and inequity to the movant. *See Integon Preferred Ins. Co. v. Camacho*, No. 1:16-cv-01496-AWI-SAB, 2018 WL 6620342, at *11 (E.D. Cal. Dec. 18, 2018) (citing *Landis*, 299 U.S. at 255).

Here, the Court is not persuaded by Defendants' argument that their fighting a "two-front war" in both courts amounts to prejudice. "[B]eing required to defend oneself in an independent proceeding does not consist of a hardship or inequity under *Landis*." *See id.* (citing *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005)). However, the Court does find that both DBIC's rescission theory and its coverage theory turn on whether business operations or business pursuits were conducted on the premises and whether Gibbins's injury arose from them, and

those questions overlap with the patron and premises-liability allegations being litigated in the State Action. DBIC roots its rescission claim in its investigation of Gibbins's allegations, [Compl. ¶ 21], and its Rule 26 disclosures identify Gibbins as a witness regarding TRC's business operations on the premises, [Dkt. No. 33-1, Ex. A at 3].

Adjudicating those issues here first could subject the insureds, and Gibbins, to collateral-estoppel effects on issues properly resolved in the underlying forum. *U.S. Specialty Ins. Co. v. Bell Painting*, No. 3:22-cv-03787-WHO, 2023 WL 5725582, at *4 (N.D. Cal. Aug. 9, 2023) ("[M]ore serious prejudice could arise from collateral estoppel due to the overlapping factual issues between this case and the Underlying Action."). Making that determination in this court may collaterally estop Defendants from making similar arguments in the state court, which is exactly the kind of prejudice considered by this *Landis* factor. *Id.* This factor thus weighs in favor of a stay.

**3. Orderly course of justice**

A stay will also simplify the issues and conserve judicial and party resources. The State Action will develop the facts bearing on whether business operations or business pursuits existed on the premises and whether Gibbins's injury arose from them, narrowing or resolving the factual predicate common to both of DBIC's claims and avoiding the risk of inconsistent determinations across two courts. *See Atlantic Specialty Ins. Co. v. NAXT Motors, Inc.*, No. 2:22-cv-03002-SSS-Ex, 2022 WL 22905409, at *3 (C.D. Cal. Sept. 23, 2022). Where related state proceedings are pending, a stay is often the preferable course. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 n.2 (1995); *North River Ins. Co. v. Leffingwell Ag Sales Co.*, 2011 WL 304579, at *6 (E.D. Cal. Jan. 27, 2011). This factor thus favors a stay.

DBIC's principal argument against staying the rescission claim is that rescission presents issues distinct from the merits of the Underlying Action. [Opp. at 16]. However, that argument rests on the *Montrose* framework's "logically unrelated" inquiry, which does not control here, and it overstates the separation in any event. *Landis* imposes no requirement that the stayed issues be controlling of the action. *Bell Painting*, 2023 WL 5725582, at *4 (quoting *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863–64 (9th Cir. 1979)). Because the rescission and coverage claims share the same business-operations predicate, and because that predicate overlaps with the State Action, the efficiency and

consistency interests served by a stay extend to the rescission claim as well. The Court therefore **STAYS** the action in its entirety.

### B. Motion to Dismiss

Because the Court stays the entire action, it declines to reach the merits of Defendants' Rule 12(b)(6) challenge to the first claim for rescission at this time. The parties' arguments on the sufficiency of that claim, including whether Underwriting Question 1 is ambiguous and whether business operations were performed on the premises when the application was signed, implicate the same business-operations facts that overlap with the State Action. Resolving those arguments now would risk the very prejudice the stay is designed to prevent. The Motion to Dismiss is therefore **DENIED** without prejudice and may be renewed after the stay is lifted.

## IV. CONCLUSION

1. Defendants' Motion to Stay is **GRANTED**. [Dkt. No. 24]. This action is **STAYED** in its entirety pending final resolution of the State Action, *Gibbins v. Rancho Trapeze Resort, LLC,* No. CVME2405570.

2. Defendants' Motion to Dismiss the first claim for rescission is **DENIED** without prejudice to its renewal after the stay is lifted. [Dkt. No. 24]

3. All currently set dates and deadlines are **VACATED**.

4. The parties must file a joint status report every **ninety (90) days** from the date of this Order, and within **fourteen (14) days** of any event materially affecting the status of the Underlying Action.

5. Within **fourteen (14) days** after the State Action is resolved, the parties must file a joint status report informing the Court how they intend to proceed in this case.

6. The Clerk is **DIRECTED** to administratively close the case.

**IT IS SO ORDERED.**